UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20822-CR-WILLIAMS/TORRES(s)

UNITED STATES OF AMERICA

v.

JESUS MANUEL MENOCAL, JR.
_____/

**GOVERNMENT'S UNOPPOSED MOTION TO CONSOLIDATE INDICTMENT (DE: 3)
AND SUPERSEDING INFORMATION (DE: 25) FOR TRIAL**

COMES NOW the United States, by and through the undersigned counsel, and files this unopposed motion, pursuant to Federal Rule of Criminal Procedure 13, to consolidate for trial the Indictment (DE: 3) and the Superseding Information (DE: 25), stating as follows:

On December 12, 2019, an Indictment (DE: 3) was returned against the defendant charging him with two counts of violating 18 U.S.C. §242.  Count 1 charged the defendant with willfully depriving Victim 1 of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable searches and seizures by a person acting under color of law, in an incident that occurred on or about June 13, 2015.  Count 2 charged the defendant with willfully depriving Victim 2 of that same right, in an incident that occurred between January 1, 2015 and March 31, 2015. The defendant was arraigned on the Indictment on December 18, 2019 (DE: 10), and the case is currently set for trial beginning November 9, 2020 (DE: 20).

After this Indictment was returned on December 12, 2019, the investigation

1

continued into other similar allegations involving this defendant.  However, while this investigation was continuing, the country, and this district, were hit with the coronavirus/COVID-19 public health emergency.  In response to this public health emergency, Chief Judge Moore has issued a series of Administrative Orders designed to respond to this unprecedented public health emergency, including two affecting the conduct of this continuing investigation.

Administrative Order 2020-22, issued on March 26, 2020, ordered that "[a]ll grand jury sessions in the Southern District of Florida are continued until April 27, 2020, pending further Order of the Court."  AO 2020-22 at ¶1.  Faced with the worsening public health crisis, on April 3, 2020, Chief Judge Moore issued Administrative Order 2020-24, which ordered that "[a]ll grand jury sessions in the Southern District of Florida are continued until July 6, 2020, pending further Order of the Court."  AO 2020-24 at ¶10.[1]

The incident that forms the basis for the charge in the Superseding Information occurred on May 31, 2015.  As a result, the five-year statute of limitations would have run out on May 31, 2020.  The investigation of this incident was still ongoing on April 3, 2020, when Chief Judge Moore issued Administrative Order 2020-24.  This Administrative Order, which continued all grand jury sessions until July 6, 2020, made it impossible for the government to present a superseding indictment containing this new charge to a grand jury in the Southern District prior to the expiration of the statute of limitations.

---

[1] Subsequently, on May 31, 2020, Chief Judge Moore issued Administrative Order 2020-33, continuing all jury trials and grand jury sessions until August 31, 2020.  AO 2020-33 at ¶¶6, 14.

2

The Superseding Information (DE: 25), filed on May 27, 2020, charged the defendant with willfully depriving Victim 3 of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable searches and seizures by a person acting under color of law, during the incident that occurred on May 31, 2015.  Because this new charge, unlike those in the Indictment, is charged as a misdemeanor violation of 18 U.S.C. §242, with a maximum penalty of up to one year in prison, Rules 7(a)(2) and 58(b)(1) of the Federal Rules of Criminal Procedure allow the government to proceed by Information without the consent of the defendant.

Pursuant to Rule 13 of the Federal Rules of Criminal Procedure, "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."   That is the case here, where both the two charges in the Indictment and the one charge in the Superseding Information allege the same type of criminal conduct by the defendant, simply involving three different victims on three different days.  As such, but for the intervention of the COVID-19 public health emergency and Administrative Orders 2020-22 and 2020-24, all three charges could properly have been joined in one Superseding Indictment.   See F.R.Cr.P 8(a) ("indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character . . . ").

Consolidation of these charges for trial is not only permissible under the rules, but also is appropriate based on the facts and circumstances of this case.   Consolidation will promote judicial efficiency and the most effective use of Court and jury resources, an

enhanced concern in light of the districtwide continuance of all jury trials due to the COVID-19 public health emergency.  Essentially identical evidence regarding the practices, training, policies, and procedures of the Hialeah Police Department will need to be presented in both trials if the Indictment and Superseding Information are not consolidated.   In addition, in separate trials, the government would seek to offer evidence regarding the incident or incidents not on trial, pursuant to Rules 404(b) and 413 of the Federal Rules of Evidence.

The undersigned has discussed this matter with counsel for the defendant, Michael Grieco, Esq., and he has indicated that the defendant has no objection to this motion to consolidate.

(Remainder of page intentionally left blank)

**WHEREFORE,** for the reasons set forth herein, it is respectfully requested that this unopposed motion be granted, and that the Indictment (DE: 3) and Superseding Information (DE: 25) be consolidated for trial.

Respectfully Submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

*s/ Edward N. Stamm*
Edward N. Stamm
FL Bar No. 373826
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Tel: (305) 961-9164
Fax: (305) 530-7087
edward.stamm@usdoj.gov

*s/ Samantha Trepel*
Samantha Trepel
Court ID No. A5501689
Special Litigation Counsel
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
Tel: (202) 305-3204
Fax: (202) 514-8336
samantha.trepel@usdoj.gov

*s/ Ilham Hosseini*
Ilham Hosseini
Court ID No. A5501904
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Tel: (305) 961-9297
Fax: (305) 530-7087
ilham.hosseini@usdoj.gov

5