UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-20822-CR-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE MANUEL MENOCAL, JR.,

    Defendant.
_____/

### OPPOSITION TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 413 AND 404(b) AND MOTION FOR EVIDENTIARY HEARING

    JOSE MANUEL MENOCAL, JR. (or "Defendant"), through undersigned counsel, files this Motion to Exclude Government's Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 413 and 404(b) and Motion for Evidentiary Hearing, and states:

1. On December 12, 2019, a federal grand jury returned an Indictment (DE3) charging the Defendant with two counts of willfully depriving victims of the right to be free from unreasonable searches and seizures by a person acting under color of law, in violation of 18 U.S.C. § 242. Count 1 charges that on or about June 13, 2015, the Defendant, for his own sexual gratification, directed Victim 1 to remove her shorts and underwear

and turn around. Count 2 charges that during an incident that occurred between January 1, 2015 and March 31, 2015, the Defendant exposed his bare penis to Victim 2, placed her hand on it, and kissed her.  On May 27, 2020, the government filed a Superseding Information (DE25), charging the defendant with violating 18 U.S.C. § 242 by willfully depriving Victim 3 of that same right to be free from unreasonable searches and seizures by a person acting under color of law, during an incident that occurred on May 31, 2015.  In that incident, the Defendant is charged with causing Victim 3's mouth to have contact with his penis.  On June 9, 2020, this Court consolidated the Indictment and Superseding Information for trial (DE29).

2. On August 8, 2020, the government filed a notice of intent to introduce evidence pursuant to Federal Rules of Evidence 413 and 404(b) (DE37), as follows:

- Alleged evidence regarding victims 4 and 5 under Fed. R. Evid. 413;
- Alleged evidence regarding C.M. as to a consensual relationship with the Defendant while she was at the police academy including text messages under Fed. R. Evid. 404(b);
- Alleged evidence of Hialeah Police Department (or "HPD") video surveillance from substation 5 under Fed. R. Evid. 404(b).

2

Pursuant to Local Rule, undersigned counsel certifies he has conferred in a good faith effort to resolve the issues raised in these pleadings.

## MEMORANDUM OF LAW

Under Fed. R. Evid. 404(b), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order show that on a particular occasion the person acted in accordance with the character." To be admissible, Fed. R. Evid. 404(b) extrinsic evidence must (1) be relevant to one of the enumerated issues other than the defendant's character, (2) be supported by sufficient evidence to allow a jury to determine that the defendant committed the act and (3) not be unduly prejudicial under the standard set forth in Fed. R. Evid. 403. See United States v. Edouard, 485 F.3d 1324 (11th Cir. 2007).

Regarding the first prong of the Rule 404(b) test, a defendant makes his intent relevant by pleading not guilty. See United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998)(*per curiam*). Additionally, evidence that a defendant engaged in similar behavior in the past makes it more likely that he did so knowingly, and not because of accident or mistake, on the current occasion. See United States v. Jernigan, 341 F.3d 1273, 1281-82 (11th Cir. 2003). As to the second prong of the Rule 404(b) test, there is sufficient

3

proof of the other acts if a jury could find by a preponderance of the evidence that the defendant committed the act.  See Edouard, 485 F.3d at 1345.  A single witness's uncorroborated testimony can provide an adequate basis for a jury to find that the prior act occurred.  See United States v. Barrington, 648 F.3d 1178, 1187 (11th Cir. 2011).  Under the third prong, a Rule 403 analysis is conducted to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.  See United States v. Barron-Soto, 820 F.3d 409, 417 (11th Cir. 2016).

When examining the probative value of an extrinsic act, the Eleventh Circuit considers the government's need for the evidence to prove the defendant's guilt, the similarity between the extrinsic act and the charged offense, and the extrinsic act's temporal remoteness from the charged offense.  See United States v. Culver, 598 F.3d  Culver, 598 F.3d at 748. A limiting instruction may be provided to reduce the prejudicial impact of extrinsic evidence. United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998).

### The Alleged Consensual Sexual Relationship with C.M. and Related Messages

The government's request to admit the evidence of the Defendant's consensual sexual relationship with Academy trainee C.M. and text

4

messages fails under the first prong because it is irrelevant and not similar to the charges that the Defendant allegedly engaged in non-consensual sex while on police duty.  The indictment (DE3) and superseding indictment (DE25) charge the Defendant with non-consensual sexual assaults of willfully depriving three (3) alleged victims of the right to be free from unreasonable searches and seizures by a person acting under color of law, in violation of 18 U.S.C. § 242.  Count 1 of the indictment charges that on or about June 13, 2015, the Defendant, for his own sexual gratification, directed Victim 1 to remove her shorts and underwear and turn around.  Count 2 of the indictment charges that during an incident that occurred between January 1, 2015 and March 31, 2015, the Defendant exposed his bare penis to Victim 2, placed her hand on it, and kissed her.  Count 3 of the superseding indictment charges the Defendant with violating 18 U.S.C. § 242 by willfully depriving Victim 3 of that same right to be free from unreasonable searches and seizures by a person acting under color of law, during an incident that occurred on May 31, 2015.  In that alleged incident, the Defendant is charged with causing Victim 3's mouth to have contact with his penis.

      However, the government's request to admit the evidence of the defendant's consensual sexual relationship with Academy trainee C.M. and text messages is entirely different.  Even further, the government's request to

admit this evidence fails under the third prong of a Rule 403 analysis because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. See Barron-Soto, 820 F.3d at 417. As mentioned, the Defendant was allegedly in a consensual sexual relationship with C.M. who allegedly became pregnant. See Berry v. Oswalt, 143 F.3d 1127 (8th Cir. 1998)(Evidence of corrections officer's prior charged acts of sexual misconduct toward female inmates should not have been admitted on plaintiff's charge of sexual harassment and tort of outrage, because evidence was highly inflammatory, and its probative value slight, since prior acts were not similar to acts charged). Similarly, in this case, the Defendant's consensual sexual relationship with C.M. and text messages are highly inflammatory, and the probative value very slight, since the Defendant's consensual relationship is not similar to the non-consensual encounters the Defendant had with the alleged three (3) victims within Counts 1-3. See Silkwood v. Kerr-McGee Corp., 485 F. Supp. 566 (W.D. Okla. 1979), aff'd in part and rev'd in part 667 F.2d 908 (Sexual involvements by Plaintiff's decedent are inadmissible by virtue of Rule 404's proscription on character evidence used to show conduct, without regard to prejudicial value under Rule 403); Williams v. City of Kansas City Mo., 223 F.3d 749, 755-56 (8th Cir. 2000)(evidence of supervisor's prior consensual relationships with customers and subordinates was improperly admitted given its minimal

relevance and inflammatory nature); Ross v. Baldwin County Bd. Of Educ., Case No. 06-275, 2008 U.S. Dist. LEXIS 38082 (S.D. Ala. 2008)(Same).

Likewise, in this case, the Defendant's consensual relationship with C.M. would serve minimal relevance and would serve to confuse and inflame the jury. Therefore, the Defendant respectfully requests the Court to prohibit such purported evidence.

### The HPD Video Surveillance from Substation 5

In determining the probity of 404(b) evidence, the test to be applied varies depending on the issue for which the evidence is offered. See United States v. Beechum, 582 F.2d 898, 911 n.15 (5th Cir. 1978)(en banc)[1]. Where Rule 404(b) evidence is introduced to establish identity, the crucial consideration is the similarity of the extrinsic and charged offenses, but the degree of similarity must be much greater than that for intent. See Id. at 911-12 n.15; United States v. Lail, 846 F.2d 1299, 1301 (11th Cir. 1988) (Reversal when district court permitted the government was to introduce evidence of an extrinsic crime that did not possess probative value that

---

[1] Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(Decisions of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, the District Courts, and the bankruptcy courts in the circuit.

7

substantially outweighed its undue prejudice and that did not evidence the modus operandi used by defendant in the charges before the trial court). "The physical similarity [between the offenses] must be such that it marks the offenses as the handiwork of the accused. In other words, the evidence must demonstrate a modus operandi." See Beechum, 582 F.2d at 911-12 n.15. There is no physical similarity between the alleged video surveillance and charges here because the government has no evidence whatsoever that the Defendant conducted any sexual activities with the females, which include females who the Defendant allegedly merely took to Substation 5 or visited him there. [DE37:14-16]

Similar to the reasons stated above supporting why the alleged evidence related to C.M. should not be admitted, likewise, the purported HPD video surveillance from substation 5 regarding other females, which include females who the Defendant allegedly merely took to Substation 5 or visited him there [DE37:14-16] is not relevant and because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

This evidence in no way shows that it is similar to the purported victims because there is no evidence whatsoever that the Defendant conducted any sexual activities with the females seen on the video surveillance. The government's leap to suggest that the Defendant conducted

sexual activities with the females on the video surveillance screams of an attempt to confuse the jury, inflame the jury and serve as propensity evidence.

## MOTION FOR EVIDENTIARY HEARING

The Defendant requests for the Court to hold an evidentiary hearing prior to the admission of any of the evidence referenced within the government's notice of intent to introduce evidence because Rule 404(b) requires proof that an act occurred by a preponderance of the evidence (See Edouard, 485 F.3d at 1345) and Rule 413 requires proof that a sexual assault occurred under a preponderance of the evidence standard.  A District Court may hold an evidentiary hearing for such reasons.  See United States v. Dillon, 532 F.3d 379 (5th Cir. 2008); United States v. Boyajian, Case No. 09-933, 2012 U.S. Dist. Court LEXIS 132709 (C.D. Cal. 2012).

## **CONCLUSION**

WHEREFORE, the Defendant respectfully requests the Court to rule consistent with this opposition and to grant any and all relief the Court finds just and reasonable.

Respectfully submitted,

/s/Michael Grieco_____

>Michael C. Grieco, Esq.
>Attorney for Defendant
>FL Bar No. 255490
>
>175 SW 7th Street, #2410
>Miami, FL 33130
>
>1688 Meridian Avenue, #900
>Miami Beach, FL 33139
>
>Tel: (305) 857-0034
>Fax: (305) 856-7771
>Michael@GriecoLaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF to all counsel of record this 14th day of September 2020.

>/s/Michael Grieco_____
>Michael C. Grieco, Esq.