UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-20822-CR-WILLIAMS/TORRES(s)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JESUS MANUEL MENOCAL, JR., | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S FIFTH RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this fifth response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. Statements by the defendant that are potentially protected by *Garrity v. New Jersey*, 385 U.S. 493 (1967), and the defendant's proffer to the Miami-Dade State Attorney's Office, were provided to defense counsel under separate cover via FedEx sent on December 20, 2019. These materials were provided to the defendant by the government taint team and the prosecution team has not been exposed to these statements. The defendant again is reminded that his use of this information in a manner that exposes it to the public and/or the prosecution team will be considered to be a voluntary waiver of any potential *Garrity* protections.

2. Please find a copy of other statements by the defendant on the flash drive shipped on April 29, 2021 (April flash drive) and via email dated June 8, 2021. Please note that these statements were not made in response to interrogation by law enforcement. These materials include an employment application completed by the defendant, radio transmissions, interview summaries of potential witnesses, and audio recordings of potential witnesses.

   3.  The defendant did not testify before the Grand Jury.

   4.  A copy of the defendant's NCIC record was previously provided.

   5.  Except as provided in Fed. R. Crim. P. 16(a)(2), books, papers, documents, data, photographs, tangible objects, buildings or places, which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the FBI office (2030 SW 145 Ave. Miramar, FL). This includes the contents of eight boxes of Det. Rosalyn Byrd's files, which the government obtained from the Hialeah Police Department, and which the government does not currently intend to use as evidence at trial to prove its case in chief. The government will notify defense counsel should its position change regarding any or all of the materials contained in these eight boxes. Please call the undersigned to set up a date and time that is convenient to both parties. Additionally, the contents of certain electronic storage media in the possession of the government have been copied onto an external hard drive and previously provided to the defense.
The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

   6.  In June 2015, the Hialeah Police Department processed three sergeants' offices in Substation 5, a pair of handcuffs, and the defendant's Ford F-150 for DNA evidence. They submitted samples from those locations to the Miami-Dade Police Department Crime Laboratory, along with DNA profiles of the defendant and four females. Portions of the wall and door handles in the sergeants' offices in Substation 5 were also processed for latent prints. The Miami-Dade Police Department Crime Laboratory and Hialeah Police Department's findings and reports with respect to the analysis were previously provided to the defense.

     There were no other physical or mental examinations or scientific tests or experiments made in connection with this case.

 B.  DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States renews its request for the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

 C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

Additionally, the government is aware that Victim 1 has filed a civil action against the defendant and the City of Hialeah, and is represented in that matter. The government previously provided the name and contact information for Victim 1's attorney under separate cover.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. Criminal history documents, including NCIC and CJIS reports, complaint/arrest affidavits, and offense/incident reports, for potential witnesses who may testify for the government are on the April flash drive and have been previously provided.

F. The defendant was identified in six-person photo arrays. Copies of the photo arrays were previously provided. The defendant was also identified during FBI interviews in photographs, copies of which were previously provided. The defendant was also identified in a Hialeah Police Department photo album. A summary of the Hialeah Police Department's description of this album, and how it maintains and updates the album, was previously provided.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government has timely advised the Defendant of its intent to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b), has updated this notice, and will continue to timely update this notice as appropriate. You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). The April flash drive contains interview summaries of potential witnesses whose testimony the government may offer under F.R.E. 404(b), including witnesses recently identified and interviewed. Two additional interview summaries of potential F.R.E. 404(b) witnesses have also been provided by email on June 8, 2021.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No controlled substance is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. The vehicles used by the defendant in connection with these incidents were Hialeah Police Department vehicles.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. As noted in A.6 above, the results of the fingerprint comparisons done in this case previously were provided.

N. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference and on a continuing basis during the time leading up to trial.

O. The government is available for a pretrial discovery conference as required by the Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o), albeit subject to the limitations arising from the ongoing public health emergency as reflected in Southern District of Florida Administrative Orders 2020-18, 2020-20, 2020-24, 2020-33, 2020-41, 2020-53, 2020-76, 2021-12, 2021-33, and 2021-50. The government and defense counsel have already discussed a timetable and procedures for pretrial discovery via email, and anticipate scheduling a telephonic or video teleconference regarding discovery in the near future.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

The attachments to this response are contained on a flash drive and a supplementary email dated June 8, 2021. The flash drive contains documents, images, videos, audio files, and spreadsheets labeled US0195778 – US0198722. The email contains two interview summaries labeled US0198723 – US0198726. A detailed index reflecting the contents of this flash drive and the supplementary email has been sent to defense counsel and will be filed under seal because it contains sensitive information.

Respectfully submitted,

JUAN ANTONIO GONZALEZ	KRISTEN CLARKE
ACTING UNITED STATES ATTORNEY	ASSISTANT ATTORNEY GENERAL

*s/ Edward N. Stamm*
EDWARD N. STAMM
FL Bar No. 373826
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL  33132
Tel: (305) 961-9164
Fax: (305) 530-7087
edward.stamm@usdoj.gov

*s/ Samantha Trepel*
SAMANTHA TREPEL
Court ID No. A5501689
Trial Attorney, Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC  20530
Tel: (202) 305-3204
Fax: (202) 514-8336
samantha.trepel@usdoj.gov

*s/ Ilham Hosseini*
ILHAM HOSSEINI
Court ID No. A5501904
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL  33132
Tel: (305) 961-9297
Fax: (305) 530-7087
ilham.hosseini@usdoj.gov