UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20822-CR-WILLIAMS/TORRES(s)

UNITED STATES OF AMERICA

v.

JESUS MANUEL MENOCAL, JR.
_____/

### GOVERNMENT'S FIRST MOTION IN LIMINE

The United States of America, through its undersigned attorneys, hereby files this first motion *in limine* to prevent the defendant from introducing (1) evidence of or testimony concerning specific acts or instances of good conduct by the defendant; (2) evidence of or testimony concerning the substance of hearsay statements made in any form by the defendant; and (3) evidence of or testimony concerning the State Attorney's Office's decision to decline state prosecution of the defendant.   Along with evidence and testimony, the government is also seeking to exclude argument by defense counsel regarding these three categories of evidence.

### Evidence of Specific Acts of Good Conduct Should be Excluded

At the time of the events at issue in this case, the defendant was a Sergeant with the Hialeah Police Department (HPD).   HPD records reveal that the defendant received commendations, awards, and positive performance evaluations during the time he was employed by HPD.   The government hereby moves this Court to prevent the defendant from introducing evidence of, or making any reference to, specific instances of good conduct by the defendant, including but not limited to the awards, commendations, and positive recognition he received from HPD.   This type of evidence would constitute clearly improper and inadmissible general good character evidence

1

under Federal Rules of Evidence 404(a)(1) and 405(a).

Rule 404 generally prohibits the introduction of evidence of a person's character to prove that the person acted in conformity with that character.   *See* Fed. R. Evid. 404(a)(1), (b)(1).   The rules provide an exception whereby a defendant may offer evidence of his character, but only if it relates to a "pertinent" character trait.   *See* Fed. R. Evid. 404(a)(2)(A); *United States v. Langford*, 647 F.3d 1309, 1329 (11th Cir. 2011) (evidence of defendant's "generous and philanthropic character" irrelevant to charges of bribery, money laundering, and fraud).   Here, the defendant's general good character is not pertinent to the crimes charged and as a result, the Court should thus exclude any such evidence as irrelevant.

In particular, the defendant should not be allowed to offer any evidence that he was a good, dedicated, or highly regarded law enforcement officer.   Courts generally preclude defendants who are law enforcement officers from offering such evidence, including evidence of commendations and awards, on grounds of irrelevance.   *See, e.g.*, *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's "dedication, aggressiveness and assertiveness" in investigating drug dealing and carjacking was not "pertinent" to his bribery, conspiracy, drug, or firearms charges); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (district court properly excluded evidence of a police officer's prior commendations in trial for mail fraud conspiracy and perjury because "the traits which they purport to show – bravery, attention to duty, perhaps community spirit – were hardly 'pertinent' to the crimes of which [the defendant] stood accused.").

General evidence of the defendant's good conduct, including evidence offered to prove his professionalism, dedication, or other similar traits, is likewise not pertinent to the civil rights charges at issue here.   Such evidence says nothing about whether the defendant willfully abused

his police position and authority in an effort to obtain sexual gratification from Victim 1, Victim 2, and Victim 3 in violation of their right to be free from unreasonable searches and seizures.   In addition, if the defendant identified a pertinent character trait or wanted to offer evidence of general law-abidingness, Rule 405(a) limits such evidence to "testimony about the person's reputation or by testimony in the form of an opinion."   Proof of specific instances of good conduct is not permitted.   *United States v. Ellisor*, 522 F.3d 1255, 1270-71 (11th Cir. 2008) ("[e]vidence of good conduct is not admissible to negate criminal intent") (quoting *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991)) (internal quotation marks omitted).

Accordingly, a character witness could testify that he is familiar with the defendant's reputation and that the defendant has a reputation for being law-abiding, or that witness could offer his opinion that the defendant is a law-abiding person.   However, that witness would not be permitted to refer to any specific instances of the defendant's good conduct, and the defendant would not be allowed to introduce evidence of, or refer to, his good work performance, commendations, or achievements in general.   Also, "[o]nce a witness provides character evidence on direct examination, the government can cross-examine the witness on relevant specific instances of the defendant's conduct."   *United States v. Hough,* 803 F.3d 1181, 1191 (11th Cir. 2015) (citing Rule 405(a)); *United States v. Guzman*, 167 F.3d 1350, 1352 (11th Cir. 1999).

Accordingly, in light of the above principles, any evidence of the defendant's specific acts of good conduct or general good character should be excluded or otherwise limited as requested herein.

### Prior Statements of the Defendant are Inadmissible Hearsay if Offered by Him

In this case, the defendant gave a compelled statement to HPD's Professional Compliance Bureau in the course of HPD's internal affairs investigation into his conduct.   To avoid any taint

concerns that could arise from the use of this compelled statement in a criminal investigation and prosecution, the prosecution team has not had access to the statement.[1]   However, the prosecution team is aware that it was given under oath and transcribed and that a transcript of it exists.   In addition, the government is aware of the existence of other statements of the defendant, including a proffer provided to the State Attorney's Office that the prosecution team has not had access to, a two-page summary of the events concerning his interaction with Victim 1 found on the defendant's iCloud account, and one page of handwritten notes about the incident involving Victim 1 that was provided by the defendant in discovery.

All of these statements of the defendant are inadmissible hearsay if offered by the defense and cannot be elicited by the defense either directly or through cross-examination. The hearsay rules preclude the defendant from introducing prior, self-serving, or exculpatory statements unless the defendant testifies and is subject to cross-examination. Fed. R. Evid. 801(d)(2) (barring statements as inadmissible hearsay when they are offered by, not against, the party to whom the statement is attributable).   *See United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985) ("Obviously, the defense sought to place [the defendant's] remarks before the jury without subjecting [him] to cross-examination. This is precisely what is forbidden by the hearsay rule."); *United States v. Vernon*, 593 Fed.Appx. 883, 890 (11th Cir. 2014) ("A defendant may not introduce his own exculpatory statement through another witness without subjecting himself to cross-

_____

[1] Under *Garrity v. New Jersey*, 385 U.S. 493, 500 (1967) and its progeny, where a police officer is required to provide a statement or face termination if they do not, the statement is deemed coerced and not voluntary.   A compelled statement of this type generally cannot be used in a subsequent criminal prosecution.   To avoid any claim of taint from the compelled statement given by the defendant, the prosecution team has not had access to it or material derived from it, which has been screened out by a DOJ-Civil Rights Division employee who is not a part of the prosecution team.   The screened out material, including the compelled statement, has been provided to the defendant in discovery by Civil Rights Division employees who also are not part of the prosecution team.

examination." citing *United States v. Cunningham*, 194 F.3d 1186, 1189 (11th Cir. 1999)).

Accordingly, for the reasons stated above, the defendant should not be allowed to present evidence of or conduct inquiry about his prior statements until and unless the defendant's trial testimony provides a legal ground for such use by the defendant.

**The State Attorney's Office Closeout Memos and Declinations Should be Excluded**

The Miami-Dade State Attorney's Office ("SAO") conducted its own investigation of the allegations against the defendant that were reported to them by HPD.   The SAO ultimately issued two separate declinations, both approved by SAO management on August 12, 2016.   Allegations regarding Victim 1 were addressed in a "Close-Out Memo Criminal Investigation" ("Victim 1 Close-Out Memo").   Allegations relating to Victim 2, Victim 4, and a third female who was deceased as of August 12, 2016, were addressed in a "Closeout Memo Preliminary Inquiry" ("Victim 2 Closeout Memo").   Neither declination addresses the allegations regarding Victim 3 that are the subject of Count 1 of the Superseding Information because Victim 3 was only identified during the subsequent federal investigation into the defendant's criminal conduct.   In addition, the SAO did not have the benefit of the information later provided by Victim 5, who came forward to authorities in December 2019, after the return of the Indictment in this case.

The prosecution team does not have access to the full Victim 1 Close-Out Memo because the portion referencing the substance of a proffer provided on behalf of the defendant has been redacted as potentially privileged.   However, the redacted version lists the crimes under investigation as false imprisonment and unlawful compensation under state law, and it concludes with the SAO's opinion that "[b]ased on the available evidence, a criminal charge could not be proved beyond a reasonable doubt."   The Victim 2 Closeout Memo lists the crime under investigation as sexual battery under state law and concludes with the SAO's opinion that "[b]ased

on a lack of corroborating evidence, the criminal investigation cannot proceed."

The government requests that this Court exclude any evidence, testimony, or argument concerning the SAO's decision to decline prosecution of the defendant, including any reference to the two SAO closeout memos, because it is irrelevant, constitutes inadmissible hearsay, invades the province of the jury to decide this case on the facts and law relating to the charges, and would be unfairly prejudicial and thus excludable under Federal Rule of Evidence 403.   Controlling caselaw in the Eleventh Circuit and numerous other circuits in the analogous situation of prior acquittals in related matters makes it clear that the SAO's declination decision is not admissible for all of the above-stated reasons.

In *United States v. Kerley*, 643 F.2d 299, 300-01 (5th Cir. 1981) (Unit B), the defendant was a Brevard County, Florida Sheriff's Deputy charged with a violation of 18 U.S.C. §242 for striking a detainee being held down by other deputies.[2]   Kerley was previously acquitted of a state battery charge for the same incident, and the government moved to exclude any evidence of the acquittal.   The former Fifth Circuit affirmed the exclusion of that evidence.   "We agree with the Government's position that evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime."   643 F.2d at 300-01.   The Court continued on to hold that even if the evidence was relevant, the district court properly excluded it under Rule 403.   "Because the elements of the state battery charge were entirely different from the elements of the federal charge s this case, the probative value of evidence of Kerley's acquittal on that charge was substantially outweighed by the danger of unfair prejudice, confusion of the

---

[2] In *Bonner v. City of Prichard*, 661 F2d. 1206, 1209-10 (11th Cir, 1981) (*en banc*), the newly-created Eleventh Circuit adopted the decisions of the former Fifth Circuit issued Prior to October 1, 1981, as binding precedent for Eleventh Circuit.

issues and misleading the jury."  *Id.*, at 301.

The Eleventh Circuit relied on *Kerley* in reaching the same result in *United States v. Irvin*, 787 F.2d 1506, 1516-17 (11th Cir. 1986), where the Court affirmed the district court's grant of the government's motion in limine to exclude any reference to the acquittal of the defendant's co-defendants in a retrial of the defendant after a hung jury.   The Court explained that "judgments of acquittal are not covered by an exception to the rule against admission of hearsay."   787 F.2d at 1517.   The Court continued on and stated that even if the evidence of the acquittals was otherwise admissible, it was properly excluded under Rule 403.  *Id.   See also United States v. Kendrick*, 682 F.3d 974, 986-87 (11th Cir. 2012) (same).

Moreover, the overwhelming majority of the circuits addressing this issue have taken the same position.  *See, e.g., United States v. Halteh*, 224 Fed.Appx. 210, 214 (4th Cir. 2007) (affirming district court's exclusion of defendant's acquittal of state attempted murder and robbery charges in subsequent Hobbs Act as irrelevant and unduly prejudicial under Rule 403, and citing cases from First, Seventh, and Eighth Circuit in support thereof); *United States v. De La Rosa*, 171 F.3d 215, 219-20 (5th Cir. 1999) (holding as a general matter that evidence of prior acquittal on related charge is irrelevant, inadmissible hearsay, and often excludable under Rule 403, and noting that "[o]ther circuits overwhelmingly agree that, for all the reasons enumerated, evidence of prior acquittals are generally inadmissible.").   And, in *United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998), the First Circuit followed this same approach in affirming the district court's decision to exclude evidence of the dismissal of local charges related to the federal case being tried ("a district court has discretion to exclude from evidence acquittals or other favorable outcomes of prior state court proceedings involving the same subject matter.   The rationale is plain: such evidence ordinarily does not prove innocence. After all, cases are dismissed for a variety of

7

reasons, many of which are unrelated to culpability." (citations omitted)).

The reasons for excluding this evidence are even more compelling here than in the case of an acquittal on or dismissal of separate charges involving the same or related conduct.   The SAO closeout memos and declination decisions are irrelevant for a number of reasons.   First, the closeout memos deal with state crimes with different elements than the §242 civil rights charges at issue in this case.   Second, neither memo concludes that the defendant was innocent of the state charges that were being considered.   Rather, the Victim 1 Close-Out Memo concludes with the SAO's opinion that the available evidence was not sufficient, while the Victim 2 Closeout Memo states the SAO's opinion that the investigation could not proceed due to a lack of corroborating evidence.   Third, the SAO did not have the benefit of the evidence concerning Victim 3 or Victim 5 when the decisions were made.   This includes not only their testimony, but the video showing the defendant bringing Victim 3 into the substation alone, and the audio recording later provided by Victim 5 of the defendant engaging in sex with Victim 5 while in the defendant's marked unit and on duty.   This is extremely important since the SAO's stated reasons for the declinations in 2016 were the limited quantity of evidence and lack of corroboration.

In addition, along with being inadmissible hearsay, any evidence or testimony regarding the SAO's assessment of the evidence it had – evidence that was less complete than that subsequently developed during the Federal investigation that led to these charges – would clearly be inadmissible opinion evidence and testimony.   This type of testimony invades and usurps the province of the jury, since it is exclusively the jury's role to evaluate the evidence, make credibility determinations, and apply the law as instructed to the facts they have found to reach their verdict. *See United States v. Rivera*, 780 F.3d 1084, 1096 (11th Cir. 2015) (questions asking trial witness to opine on credibility of another witness' testimony are improper since questions of this type are

prohibited by rules of evidence and "the duty to make credibility determinations about a trial witness falls squarely in the province of the jury"), citing *United States v. Schmitz*, 634 F.3d 1247, 1268-69 (11th Cir. 2011).  *See also Williamson v. Moore*, 221 F.3d 1177, 1182 (11th Cir. 2000) (holding that failure to turn over written notes of prosecutor's mental impressions and opinion of case not a *Brady* violation); *United States v. Thirion*, 813 F.2d 146, 156 (8th Cir. 1987) (holding, in context of *Brady* claim, that witness's opinion of defendant's guilt was not exculpatory because "it is inadmissible as it invades the province of the jury"); *United States v. Farrell,* 563 F.3d 364, 377-78 (8th Cir. 2009) (error to allow expert to usurp jury's function by offering testimony that attempted to express an opinion of the defendants' guilt and the credibility of the government's witnesses).

Finally, even if this evidence was somehow relevant and otherwise admissible, it still should be excluded under Rule 403, as was done with prior acquittals in cases such as *Irvin* and *Kerley*.  Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  As discussed above, the SAO's declination decision has no probative value. However, even if it was deemed to have some marginal probative value, that would be far outweighed by the risk of unfair prejudice to the government, misleading of the jury, confusion of the issues, and undue delay and wasting of time and judicial resources.

If either closeout memo or other evidence of the declination decisions was admitted, the government would be compelled to call the relevant SAO personnel to explain the limited nature of the evidence they had and offer testimony reflecting how their decisions may well have changed if they had the full wealth of evidence developed during the federal investigation.  This "mini-

9

trial" within the trial would involve substantial otherwise inadmissible opinion and hearsay evidence to correct the misleading impression that admission of the SAO's 2016 declination decisions or closeout memos would create.   This would waste the Court's and the jury's time and prejudice the government by distracting the jury from the real issue of the case, which is whether the government has met its burden to prove the defendant committed the three violations of §242 charged in this case.   This is exactly the type of marginal and prejudicial evidence that Rule 403 is designed to exclude.

Accordingly, for the above-stated reasons, the defendant should not be allowed to use in any way at trial, either through evidence, testimony, or argument, the SAO's closeout memos and declination decisions.

(Remainder of page intentionally left blank)

**Position of Defense Counsel**

The undersigned have consulted with counsel for the defendant concerning this matter, and they have informed the undersigned that they oppose the government's motion on all issues raised.

**WHEREFORE,** the government respectfully requests for the reasons stated herein that this motion *in limine* be granted in its entirety.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

*s/ Edward N. Stamm*
EDWARD N. STAMM
FL Bar No. 373826
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Tel: (305) 961-9164
edward.stamm@usdoj.gov


*s/ Monica K. Castro*
MONICA K. CASTRO
Court ID No. A5502776
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Tel: (305) 961-9013
Monica.castro@usdoj.gov

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

*s/ Kyle Boynton*
KYLE BOYNTON
Court ID No. A5502813
Trial Attorney
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
Tel: (202) 598-0449
kyle.boynton@usdoj.gov