UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20822-CR-WILLIAMS/TORRES(s)(s)

UNITED STATES OF AMERICA

vs.

JESUS MANUEL MENOCAL, JR.,

Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida and the Civil Rights Division of the United States Department of Justice (collectively "the Government"), enter into the following agreement with the Defendant, Jesus Manuel Menocal, Jr., ("the Defendant"):

1. The Defendant agrees to plead guilty to a three-count Second Superseding Information charging him with depriving Victim 2, Victim 3, and Victim 5 of their constitutional rights while acting under color of law, in violation of Title 18, United States Code, Section 242. The Government agrees to seek dismissal of the Indictment and Superseding Information after sentencing.

2. The Defendant is aware that his sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The Defendant also understands and acknowledges that, with respect to each violation of Title 18, United States Code, Section 242 charged in Count One, Count Two, and Count Three of the Second Superseding Information, the Court may impose a statutory maximum term of imprisonment of up to one (1) year followed by a term of supervised release of up to one (1) year, a fine of up to $100,000, and may order restitution pursuant to 18 U.S.C. §§ 3663A and 3664. The Defendant further understands and acknowledges that the Court may impose these sentences of imprisonment consecutively, resulting in a possible total maximum sentence of imprisonment of three years. The Government and Defendant agree to recommend that any terms of supervised release run concurrently pursuant to 18 U.S.C. § 3624(e).

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $25 per count, for a total of $75, will be imposed on the Defendant. The Defendant agrees to pay the special assessment imposed at the time of sentencing.

5. The Defendant agrees to surrender and abandon his Florida Department of Law Enforcement Certification ("Certification"). The Defendant further agrees to never seek reinstatement of his Certification, and to enter into a consent order with the Florida Department of Law Enforcement which permanently revokes his Certification. The Defendant further agrees to refrain from either (1) applying for new law enforcement certifications in any jurisdiction in the United States, or (2) seeking employment as a federal, state, municipal, or tribal law enforcement officer, correctional officer, or correctional probation officer.

6. The Government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Government further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The Government agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the Government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. The Government, however, will not be required to make this recommendation (or any agreed recommendation contained

within this plea agreement) if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any Governmental entity or official.

8.  The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorneys, the Government, or the probation office, is a prediction, not a promise, and is not binding on the Government, the probation office, or the Court. The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both the Defendant and the Government.

9.  The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the Government in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed unless the sentence exceeds the maximum permitted by statute. Notwithstanding the above waiver of appeal, the Defendant reserves the right to file a direct appeal

with respect to the Court's findings and conclusions as to the imposition of any requirement to register as a sex offender. The Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorneys. The Defendant further agrees, together with the Government, to request that the Court enter a specific finding that the Defendant's waiver of the Defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

10. The Defendant is further aware that Title 18, United States Code, Section 3282, generally prescribes a five (5) year statute of limitations in which criminal charges can be brought for the deprivation of rights under color of law in violation of Title 18, United States Code, Section 242. The conduct charged in Count Three of the Second Superseding Information concluded in 2014. Therefore, the statute of limitations arguably bars the prosecution of the defendant as charged in Count Three of the Second Superseding Information. However, by agreeing to and signing this plea agreement, and in exchange for the undertakings made by the Government in this plea agreement, the Defendant acknowledges that he has discussed with his attorneys the statute of limitations defense applicable to that charge, and knowingly, voluntarily, and intentionally waives any right afforded to him by the statute of limitations with respect to Count Three of the Second Superseding Information.

11. This is the entire agreement and understanding between the Government and the

Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 03/02/2022   By: *Edward N. Stamm*

Edward N. Stamm
Assistant United States Attorney
Southern District of Florida

Date: 03/02/2022   By: *[signature]*

Monica K. Castro
Assistant United States Attorney
Southern District of Florida

KRISTEN M. CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

Date: 03/02/2022   By: *Kyle Boynton*

Kyle R. Boynton
Trial Attorney
Civil Rights Division, Criminal Section

Date: 3/2/2022   By: *[DocuSigned] 67259EF4DF8A4F7...*

Jude Faccidomo
Attorney for Defendant

Date: 3/2/2022   By: *[DocuSigned] Mycki Ratzan 819642174C82444...*

Mycki Ratzan
Attorney for Defendant

Date: 3/2/22   By: *[signature]*

Jesus Manuel Menocal, Jr.
Defendant