UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20822-CR-WILLIAMS/TORRES(s)(s)

UNITED STATES OF AMERICA

v.

JESUS MANUEL MENOCAL, JR.
_____/

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, through its undersigned attorneys, hereby files this Sentencing Memorandum, stating as follows:

**I.     Introduction**

The defendant swore an oath to serve the community of Hialeah as a police officer. This duty was especially sacred when it came to protecting the most vulnerable in his community. Yet instead of serving his community, the defendant tarnished his badge and abused his authority by sexually exploiting the very people he was supposed to protect. The defendant has pleaded guilty to three counts of depriving three different women of their constitutional rights by using his position and power to obtain or attempt to obtain sexual gratification from them. D.E. 111. Though not a count of conviction, the defendant admitted to violating the rights of a fourth woman in the Stipulated Factual Basis. D.E. 113 at 1.

While each count has a statutory maximum sentence of 12 months, the Presentence Investigation Report (PSI) correctly recognizes that, where the Guidelines sentence exceeds the statutory maximum sentence for each single count, U.S.S.G. § 5G1.2(d) calls for consecutive sentencing, yielding a statutory maximum and Guidelines sentence of 36 months. PSI ¶ 83, 84.

1

When the Court considers the 18 U.S.C. § 3553(a) sentencing factors, particularly the seriousness of the defendant's offenses, and the Guidelines policy statement regarding dismissed conduct, § 5K2.21, it is clear that the only reasonable and appropriate sentence that serves the purposes set out in the Guidelines and §3533(a) is the maximum sentence allowed by law: 36 months imprisonment followed by one year of supervised release along with an appropriate fine as determined by the Court.

## II. The Guidelines Range is Properly Calculated

The Government does not agree with every aspect of the Offense Level Computation in the Presentence Investigation Report (PSI), specifically the cross-reference for Count 1.[1] However, objections to the PSI's Total Offense Level of 42 are moot so long as the resulting Total Offense Level corresponds to the Guidelines minimum of greater than 36 months. *See* U.S.S.G. § 5G1.2(d). In other words, so long as the legally appropriate Total Offense Level is 21 (corresponding to a Guidelines range of 37-46 months) or greater, the Guidelines are appropriately calculated at 36 months. Here, the Government's concerns, even if shared by the Court, would only affect the calculation pertaining to Count 1, and could thus only affect the Multiple Count Adjustment, bringing the Total Offense Level down a mere point to 41. *See* U.S.S.G. §§ 3D1.1, 3D1.4. Accordingly, the guidelines range is correctly calculated at 36 months, the statutory maximum sentence.

## III. Section 3553(a) Factors Support a Statutory Maximum Sentence

Once the Court has determined the applicable Guidelines range, 18 U.S.C. § 3553(a) directs

---

[1] The PSI applies U.S.S.G. § 2A3.1(a)(2) to reach a Base Offense Level of 30 for Count 1. This provision applies to nonconsensual sexual acts, as defined in 18 U.S.C. § 2246. Victim 2 alleged and the defendant has now admitted that the defendant placed Victim 2's hand on the defendant's exposed penis. This is not a sexual act as defined. It instead constitutes sexual contact under the § 2246 definition, punishable under U.S.S.G. § 2A3.4.

the Court to consider the sentence in light of several factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and (3) adequate deterrence of criminal conduct and the protection of the public. "[T]he Guidelines are to be the sentencing court's 'starting point and . . . initial benchmark.'" *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) (internal citation omitted). Section 3553(a) then requires the Court to "impose a sentence sufficient, but not greater than necessary, to comply" with these purposes. *Id.* The § 3553(a) factors demonstrate that the only sentence sufficient to meet these purposes in this case is a statutory maximum sentence of 36 months.

### a. Nature of the Offense and History and Characteristics of the Defendant

The first § 3553(a) factor courts consider is the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). To do so, this Court should look not only at the three offenses of conviction, but also to the defendant's relevant conduct. The Stipulated Factual Basis lays out four separate incidents, with distinct victims, where the defendant abused his position, power, and authority to engage in various types of sexual exploitation with young women without their consent and without a legitimate law enforcement purpose, including: obtaining oral sex from a young woman, in his custody for purposes of emergency psychiatric evaluation, by falsely promising he would let her go if she gave him oral sex; forcing a 17-year old girl, whom the defendant unlawfully detained and brought to an otherwise unmanned police substation, to take off her shorts and underwear, exposing her buttocks; obtaining oral sex from and having sexual intercourse with a young woman whom the defendant required to get into his police car and drove to a deserted alley; and taking another young woman

to a deserted alley where the defendant kissed her and forced her hand onto his exposed penis. During all of these incidents, the defendant was in uniform and on duty.

With regard to the defendant's characteristics, the defendant abused a position of public trust to facilitate his crimes. "A defendant's status as a law enforcement officer is often times more akin to an aggravating as opposed to a mitigating sentencing factor, as criminal conduct by a police officer constitutes an abuse of a public position." *United States v. Thames*, 214 F.3d 608, 614 (5th Cir. 2000); *see also*, *United States v. McQueen*, 727 F.3d 1144, 1157 (11th Cir. 2013) (reversing a below-Guidelines sentence in an excessive force case as "a clear error of judgment" because such a crime is a "particularly serious offense"); *United States v. LaVallee*, 439 F.3d 670, 708 (10th Cir. 2006) ("[I]n many instances, committing a crime while acting under color of law will result in a higher sentence . . . rather than a lower sentence.").

That the defendant acted under color of law must be an aggravating factor here. The defendant did not simply commit crimes while he happened to be in uniform or on duty. Instead, the defendant leveraged the badge, authority, and the privileges of his position as a police sergeant – his police cars (PSI ¶¶ 9, 13, 18), his arrest and detention powers (PSI ¶¶ 9, 11, 13, 16, 18), his access to a secure police substation and a private office in that substation (PSI ¶¶ 11, 18, 19), and his authority and control over a handcuffed detainee (PSI ¶ 11) – to coerce and attempt to coerce his victims into gratifying him sexually. That he committed his crimes while holding the supervisory rank of sergeant, charged with leading the patrol officers under his command, is all the more troubling.

The defendant's repeated abuse of the public trust favors a statutory maximum sentence of 36 months.

        **b. Seriousness of the Defendant's Offenses, Promotion of Respect for the Law, and a Just Punishment**

Section 3553(a) also directs the Court to consider the need for the sentence "to reflect the seriousness of the offense, promote respect for the law, and to provide for a just punishment." 18 U.S.C. § 3553(a)(2)(A). This factor weighs in favor of a statutory maximum sentence for two reasons. First, the defendant used his power as a police officer to exploit particularly vulnerable victims. Second, the statutorily capped sentence in this matter insufficiently captures the just punishment suggested by the uncapped Guidelines range, as demonstrated by the extraordinary disparity between the two, and as evidenced by Congress's recent enactment of serious felony enhancements for sex crimes, like the defendant's, committed under color of law in violation of 18 U.S.C. § 242. *See* Consolidated Appropriations Act of 2022, Pub. L. No. 117-103, March 15, 2022, 136. Stat. 49, 923-25.

The defendant's exploitation of his status as a law enforcement officer, discussed *supra*, is a factor in the seriousness of the offense. The special vulnerability of the defendant's victims also bears on this factor, and both weigh heavily in favor of a statutory maximum sentence. The defendant seized, transported, and isolated Victim 2, a 25-year-old woman, prior to forcing her hand to his exposed penis. *See* PSI ¶ 9. Victim 5 was 19 years old, walking alone late at night. *See* PSI ¶ 13. Victim 1 was 17 years old when the defendant (who had her driver's license listing her age) ordered her to expose her buttocks to him in an isolated police station office. PSI ¶¶ 17-18. The irony of the defendant's feigned concern for her safety to facilitate his sexual abuse of her is all the more troubling.

Uniquely troubling is the defendant's sexual abuse of Victim 3. Victim 3 was in mental health crisis when the defendant encountered her on May 31, 2015, expressing suicidal thoughts

and self-harming. PSI ¶ 10.[2] State law bestowed in the defendant the power to take Victim 3 into custody *for her safety*, to be evaluated, treated, and stabilized by mental health professionals. *See* PSI ¶ 12; Fla. Stat. Ann. § 394.463 (West). Yet instead of promptly getting her the emergency psychiatric help that the defendant knew she needed, the defendant took Victim 3, handcuffed, to an isolated part of his police substation, where he then had her perform oral sex on him under the guise of a false promise to release her if she did.

Yet the defendant is only facing a total of 36 months in prison because each count of conviction for his abuse of Victim 2, Victim 3, and Victim 5, has a 12-month maximum sentence. The reason is straightforward: deprivation of rights under color of law is a misdemeanor offense unless a felony enhancement applies. 18 U.S.C. § 242. Under the law in force at the time of the defendant's criminal conduct, and even at the time of his change of plea, there were no felony enhancements to § 242 for non-aggravated sexual abuse, abusive sexual contact, and the sexual abuse of a ward, though these acts are serious felonies where they occur in the special maritime and territorial jurisdiction of the United States. *See id.*; 18 U.S.C. §§ 2242-2244. While kidnapping and the use of a dangerous weapon enhancements were charged in the Indictment in this case (D.E. 3), the absence of a specific felony enhancement for the defendant's sexual abuse and abusive sexual contact is a core reason why the defendant faces a Guidelines sentence of 36 months of incarceration instead of the much higher term of incarceration corresponding to the otherwise applicable Total Offense Level, as outlined in the PSI.

Less than two weeks after the defendant's change of plea hearing, Congress recognized the need for additional felony enhancements for civil rights violations, including § 242 violations, that

---

[2] It is apparently for this reason that the PSI contends the vulnerable victim enhancement applies to Count 2 of the Second Superseding Information. *See* PSI ¶ 32.

involve sexual abuse. *See* Consolidated Appropriations Act of 2022, Pub. L. No. 117-103, March 15, 2022, 136. Stat. 49, 923-25. Specifically, Congress created 18 U.S.C. § 250, which adds a statutory maximum of life imprisonment for § 242 violations involving non-aggravated sexual abuse, and a statutory maximum of three years of imprisonment for non-aggravated abusive sexual contact. *Id*. at 923-24. Even where the government can establish a non-consensual sexual act but cannot establish that the defendant engaged in the act by threatening or placing his victim in fear, § 250 still provides for a statutory maximum sentence of 40 years of incarceration. *See id.* at 924.

Here, the Stipulated Factual Basis (D.E. 113) establishes that Counts 2 and 3 of the Second Superseding Information involved, at a minimum, non-consensual sexual acts punishable by up to 40 years of incarceration, and Count 1 involved non-aggravated abusive sexual contact punishable by up to three years of incarceration under § 250. *See id*. at 923-25. Though § 250 is not retroactive, it is clear that Congress has recognized with the enactment of § 250 the serious felony nature of the exact type of civil rights violations the defendant committed. The Court should also recognize their serious nature and sentence the defendant to the statutory maximum 36 months of incarceration. *Cf. United States v. Thomas*, 255 F. App'x 422, 423-24 (11th Cir. 2007) (affirming a Guidelines sentence and acknowledging that Congress' recent increase in the mandatory minimum punishment for one of the defendant's counts of conviction constituted a statement on the seriousness of that offense for purposes of the § 3553 factors).

  c. **Deterrence and Protection of the Public from Further Crimes**

Protecting the public and deterring additional criminal conduct is another factor that courts are directed to consider under § 3553(a)(2)(B)-(C). This Court will better ensure public safety and deter future criminal conduct by imposing the statutory maximum sentence. The defendant abused his position and authority to sexually exploit several women in a relatively short period of time.

PSI ¶¶ 9-19. Based on this record, there is every reason to believe that a substantial sentence of incarceration is necessary to protect the public and to deter others in positions of authority who might otherwise be tempted to abuse their positions to commit crimes against those whom they are sworn to serve. *Cf. United States v. Catala*, 649 F. App'x 701, 703-04 (11th Cir. 2016) (affirming a 21-month sentence for a defendant convicted of failing to appear, where the sentencing court varied upward to "promote respect for the law, deter criminal conduct, and protect the public from future criminal conduct"); *United States v. Gonzalez*¸ 550 F.3d 1319, 1324 (11th Cir. 2008) (citing to the § 3553(a)(2)(B)-(C) factors in affirming a 50-month sentence for a defendant convicted of illegal reentry after deportation).

### IV.     The Defendant's Dismissed Conduct Supports a Statutory Maximum Sentence

The United States Sentencing Guidelines policy statements approve of upward departures in specific circumstances. *See* U.S.S.G. § 5K2.0(a)(1)-(2). "[D]ismissed and uncharged conduct" are among those approved aggravating circumstances, and permit the court to sentence a defendant above the applicable Guidelines range in order "to reflect the actual seriousness of the offense based on conduct" dismissed as part of a plea agreement or not charged, as long as it is not otherwise reflected in the Guidelines range. U.S.S.G. § 5K2.21, *United States v. Canty*, 615 F. App'x 642, 643 (11th Cir. 2015) (*per curiam* affirmance of an upwardly-varied 72-month sentence for possessing a firearm in furtherance of a drug trafficking offense, where the sentencing court relied on charged conduct dismissed pursuant to the defendant's plea agreement). Here, where the Guidelines range is already at the statutory maximum, imposition of the maximum statutory sentence is also supported by consideration of the defendant's dismissed but admitted relevant conduct relating to Victim 1.

As previously explained, the harm this defendant inflicted on the community that he was

sworn to protect was not limited to the three counts of conviction, as charged by Second Superseding Information (D.E. 110). The defendant was indicted for willfully depriving Victim 1 of her rights under color of law. D.E. 3. The government agreed to dismiss the count pertaining to Victim 1 pursuant to the plea agreement. D.E. 112. Nonetheless, also pursuant to that agreement, the defendant admitted in the Stipulated Factual Basis to stopping Victim 1 while she was driving, directing her to sit in the backseat of his police car, driving her to Substation 5 of the Hialeah Police Department, taking her into his office, and ordering her to remove her shorts and underwear and turn around, exposing her naked buttocks to him. D.E. 113 at 1. As the PSI correctly notes, Victim 1 was 17 at the time this occurred, and the defendant had Victim 1's driver's license. PSI ¶¶ 16-17.

The defendant's violation of Victim 1's rights, while not a count of conviction, is strikingly similar to the pattern of conduct on display in the counts of conviction, and further supports this Court imposing the statutory maximum sentence.

## V. Conclusion

Because the statutory maximum sentence is a reasonable Guidelines sentence, and because the defendant exploited his law enforcement position and authority to abuse numerous women, the United States respectfully submits that the defendant should be sentenced to 36 months' imprisonment, to be followed by one year of supervised release – the maximum allowed by law.

Respectfully submitted,

| | |
|---|---|
| JUAN ANTONIO GONZALEZ<br>UNITED STATES ATTORNEY | KRISTEN CLARKE<br>ASSISTANT ATTORNEY GENERAL |
| *s/ Edward N. Stamm*<br>EDWARD N. STAMM<br>FL Bar No. 373826<br>Assistant United States Attorney<br>United States Attorney's Office<br>Southern District of Florida<br>99 NE 4th Street<br>Miami, FL 33132<br>Tel: (305) 961-9164<br>edward.stamm@usdoj.gov | *s/ Kyle Boynton*<br>KYLE BOYNTON<br>Court ID No. A5502813<br>Trial Attorney<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br>Tel: (202) 598-0449<br>kyle.boynton@usdoj.gov |

*s/ Monica K. Castro*
MONICA K. CASTRO
Court ID No. A5502776
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Tel: (305) 961-9013
Monica.castro@usdoj.gov