UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20822-CR-WILLIAMS/TORRES(s)(s)

UNITED STATES OF AMERICA

v.

JESUS MANUEL MENOCAL, JR.
_____/

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO MODIFY CONDITIONS

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby files this Opposition to Defendant's Motion to Modify Conditions (DE 144). Because the factors enumerated under 18 U.S.C. § 3553(a) do not support the proposed modification, defendant's motion should be denied.

### FACTUAL BACKGROUND

The defendant is a former City of Hialeah Police Department Sergeant convicted of causing or attempting to cause numerous young women to engage in sexual contact and activity with him against their will. On March 4, 2022, he pled guilty to a three-count Second Superseding Information charging him with violating 18 U.S.C. § 242 by using his position and power to obtain or attempt to obtain sexual gratification from three young women on separate occasions. DE 110; 111. In addition to the three counts of conviction, the Stipulated Factual Basis supporting the defendant's plea also detailed his abuse of authority to obtain sexual gratification from a fourth woman on yet a separate occasion. DE 113. Specifically, the defendant admitted that he: (1) ordered Victim 1, under threat of arrest, to remove her shorts

1

and underwear and turn around, exposing her naked buttocks to him, (2) ordered Victim 2 into his police vehicle, drove her to an alley and, without her consent, exposed his bare penis to her, placed her hand on it, and began kissing her, (3) caused Victim 3, who was in psychiatric crisis, to perform oral sex on him without her consent, and (4) caused Victim 4 to get in his police vehicle, drove her to an alley, and penetrated her mouth and vagina with his penis without her consent.  DE 113.

Both the government (DE 118) and the defendant (DE 119) submitted detailed sentencing memoranda in advance of the defendant's sentencing, which took place on May 12, 2022.  DE 124.  The defendant's memorandum was supported by seventy-three letters from the defendant's family members and friends.  As the Court noted at sentencing, the letters described the defendant as a purported "man of honor and high moral standards."  Tr. 59: 16-24.  The Court also heard from three of the defendant's victims who described the suffering and trauma they endured due to his abuse of power.  Tr. 29–42.  Their comments noted the way the defendant took advantage of his uniform to try to force them to provide him sexual gratification.  Tr. 33:11, 39:10, 41:14-16.  The defendant also briefly spoke at sentencing, addressing the Court with a mere six sentences that thanked his family and friends for support, but failed to even feign remorse for his crimes.  Tr. 54:6-16.

At the conclusion of the hearing the Court sentenced the defendant to 36-months of incarceration, and imposed one year of supervised release, both the statutory maximum.  The Court imposed special and standard conditions of supervised release, including a prohibition against possessing a firearm or other dangerous device or weapon.  Tr. 61-62.  Over the objection of the government, the defendant was allowed to voluntarily surrender for service of his sentence.  Tr. 67.  The defendant reported to FCI-Loretto on July 7, 2022.  Thereafter, less than three

months after beginning service of his three-year sentence, the defendant began submitting requests for compassionate release—first at his facility, and later before this Court. DE 135, 135-8. Those requests were denied. *Id.*, DE 142.

On April 8, 2024, the defendant filed the instant motion, asking this Court to modify the condition of supervised release that prohibits him from possessing a firearm or other dangerous device or weapon. *Id.* The defendant was released from custody on April 12, 2024, and began serving his term of supervised release on that date.

The government spoke with the defendant's probation officer, Shakira Botello-Sanchez, in anticipation of filing the instant response. She stated her objection to defendant's motion, noting that allowing supervisees to possess firearms carries inherent risks for their supervising officers. She also expressed her concern that allowing the defendant to possess firearms would create an improper appearance of authority given the nature of his crimes.

## **ARGUMENT**

This Court may modify a defendant's conditions of supervised release only after considering the factors set forth in Section 3553(a). *United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021). Those are: the (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any pertinent policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution. *Id.*

As a threshold matter, the prohibition on possessing firearms is a standard condition of the terms of supervision imposed in all criminal cases where supervision is ordered in the Southern

District of Florida. Administrative Order 2023-76. As such, permitting the defendant to possess a firearm while on supervision would be an extraordinary deviation from standard practices and create a sentencing disparity with other defendants in this district. The defendant's motion fails to articulate any need for such unique treatment.[1]

Indeed, the defendant's motion, at best, speaks to the need to provide the defendant with vocational training. Notably, however, the defendant does not claim that his current conditions prevent him from maintaining <u>any</u> gainful employment, simply that they interfere with his <u>preferred</u> employment as a firearms instructor at his family's business. Def's Mot. ¶¶ 5-7. The defendant's employment preferences are not relevant considerations under the Section 3553(a) factors. Even if they were, they would be easily outweighed here by the other considerations that counsel against relief.

Looking to the nature and circumstances of the offenses, their seriousness cannot be overstated. As this Court well-articulated at the time of defendant's sentencing, his crimes involved the "most profound violation of a person's mental and physical integrity." Tr. 60:21-22. Relevant to the need to protect the public and promote adequate deterrence, it is important to note that the defendant violated his victim's civil rights while on duty and in uniform. That uniform, which would have included his department-issued firearm, cloaked him with the authority that facilitated his abuses of power. Because of this, a prohibition on possessing a firearm is an appropriate condition of the defendant's supervised release that should remain in

---

1 Due to his former role as a law enforcement officer, the defendant may very well have specialized skills that differentiate him from the standard defendant who might seek to possess a firearm. However, this defendant exploited his position to victimize the more vulnerable members of his community for his own sexual gratification. As such, his former training as a law enforcement officer is no basis for different treatment here.

place. As to the defendant's history and characteristics, the need to protect the community from abuses of power by the defendant is further underscored by the fact that this record is devoid of even a hint of remorse from the defendant. His inability to even imply regret for his conduct demonstrates that this Court should not trust the defendant to possess firearms while on supervision and so should deny the requested modification. *See United States v. Easton*, 755 F. App'x 916, 919 (11th Cir. 2018) (noting that a defendant's apparent lack of remorse spoke to 3353(a)(2) and (4) and was properly considered by the district court in denying defendant's motion for early termination of supervised release).

## **CONCLUSION**

Because the Section 3553(a) factors do not support defendant's requested relief, the government respectfully requests that this Court deny the defendant's motion.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   s/*Edward N. Stamm*
Edward N. Stamm
Assistant United States Attorney
Southern District of Florida
Florida Bar No. 373826
Telephone: (305) 961-9164
edward.stamm@usdoj.gov

*s/ Monica K. Castro*
Monica K. Castro
Assistant United States Attorney
Southern District of Florida
Court ID No. A5502776
Tel: (305) 961-9013
Monica.castro@usdoj.gov